AEE

**FILED**

**MARCH 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND ROWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| POTER CONSTRUCTION & DEVELOPMENT | ) | |
| COMPANY, an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**08 C 1362**

**JUDGE MAROVICH
MAGISTRATE JUDGE NOLAN**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RAYMOND ROWE, by and through his attorneys, The Law Offices of Eugene K. Hollander, and for his Complaint at Law, states as follows:

### JURISDICTION

1.      This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2.  The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. §2000(e)-2 and 42 U.S.C. §1981 (b), providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race, color, national origin, and retaliation.

2.      Venue in this district is proper under 28 U.S.C. §1391(B).   The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

3.      All conditions precedent to jurisdiction have occurred or been complied with to-wit:

    a.  A charge of employment discrimination alleging racial, color, and national origin discrimination as well as retaliation was filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") by Plaintiff, RAYMOND ROWE (hereinafter "ROWE") against Defendant, POTER CONSTRUCTION & DEVELOPMENT (hereinafter "POTER"), charge number 440-2007-03272 on February 21, 2007, a copy of which is attached hereto as **Exhibit 1.**

b.  The EEOC issued a notice of right to sue letter for charge number 440-2007-03272 on February 14, 2008, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4.      ROWE is a citizen of the United States and the State of Illinois. He currently resides in Waukegan, Illinois.

5.      ROWE was a member of the protected class, black, and of Jamaican national origin when the unlawful employment practices occurred.

6.      POTER is engaged in an industry affecting commerce and is currently doing business in the State of Illinois.  It is an employer as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

7.      ROWE was hired by POTER in March 2003 as a Construction Superintendent.

8.      At the time of his hire, ROWE had approximately twenty (20) years of experience in the construction field.

9.      ROWE was the only black Construction Superintendent and the only Construction Superintendent of Jamaican origin at POTER.

10.      POTER's owner, Gary Poter, and ROWE's immediate supervisors, Costel Diaconu and Jim Koback, advised ROWE that he would be removed as a Construction Superintendent and used as a general laborer due to a slow down.  Mr. Poter, Mr. Diaconu, and Mr. Koback all advised ROWE that he would be returned to a Construction Superintendent when business picked up.

11.      ROWE's salary was decreased and he began working as a laborer after this announcement.

12.     Despite advising ROWE that business was slow and demoting him to a laborer, POTER continued to hire and use whites not of Jamaican national origin as Construction Superintendents during 2004, 2005, and 2006.  POTER also continued to give raises to its white employees not of Jamaican origin and to hire Construction Superintends at rates higher than ROWE had earned.

13.     ROWE complained to Mr. Poter, Mr. Diaconu, and Mr. Koback that he was not returned to the position of a Construction Superintendent and that white individuals not of Jamaican origin were being promoted before him despite ROWE's superior experience, qualifications, and skills.

14.     Despite ROWE's complaints, ROWE continued to be passed over for Construction Superintendent positions while whites not of Jamaican national origin and with less skills, qualifications, and experience were promoted before him.

15.     On or about June 2006, ROWE was terminated from POTER.

16.     Similarly situated white employees not of Jamaican national origin were retained.

17.     After ROWE's termination, POTER continued to hire non-black individuals not of Jamaican origin as Construction Superintendents.

18.     Throughout his employment with POTER, ROWE performed to the company's legitimate expectations.

19.     ROWE was, at all relevant times, employed by POTER.

20.     ROWE was employed by POTER as "employee" as that term is defined Title VII of the Civil Rights Act of 1964, as amended.

21.     Defendant POTER is an Illinois corporation with its principal place of business within this judicial district.

3

22.     POTER is an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
## RACIAL DISCRIMINATION – TITLE VII

23.     ROWE reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

24.     ROWE is a member of a protected class, black.

25.     During the course of ROWE'S employment with POTER, he performed to POTER'S legitimate expectations.

26.     ROWE was terminated on or about June 2006.

27.     Similarly situated employees, not in ROWE'S protected class, did not suffer an adverse job action, including demotion and termination.

28.     By terminating ROWE and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, POTER has intentionally discriminated against ROWE with malice or with reckless indifference to ROWE'S federally protected rights in violation of Title VII of the Civil Rights Act of 1964.

29.     As a result of the intentional acts complained of herein, ROWE has suffered and will continue to suffer the loss of employment with POTER and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and ROWE has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30.     Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, RAYMOND ROWE, respectfully prays that this Honorable Court:

a. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

b. Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of national origin;

d. Immediately assign ROWE to that job he would now be occupying but for the discriminatory practices of POTER, and adjust the wage rates, salaries, bonuses, and benefits for ROWE to those which he would be enjoying but for the discriminatory practices of POTER, or, if this is impossible, award ROWE front-end pay;

e. Compensate and make ROWE whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of POTER;

f.   Award ROWE the costs and disbursements of this action, including reasonable attorney's fees;

g.   Award ROWE punitive damage for POTER'S willful conduct; and

h.   Grant such other relief as may be just and proper.

## COUNT II
## RACIAL DISCRIMINATION - §1981

31.   ROWE reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

32.   ROWE is a member of a protected class, black.

33.   During the course of ROWE'S employment with POTER, he performed to POTER'S legitimate expectations.

34.   ROWE was terminated on or about June 2006.

35.   Similarly situated employees, not in ROWE'S protected class, did not suffer an adverse job action, including demotion and termination.

36.   POTER, in violation of the provisions of 42 U.S.C. §1981 et seq., has discriminated against ROWE on the basis of his race, black, and denied him the equal opportunity for employment because of his race.  In particular, POTER has engaged in and is engaging in the following unlawful practices with the purpose and effect of denying ROWE equal opportunity:

a.   Prior to his termination, ROWE was employed first as a Construction Superintendent than as a laborer by POTER.

b.   On or about June 2006, ROWE was terminated because of his race, black.

c.   At all times pertinent hereto, ROWE'S work performance satisfied the legitimate expectations of POTER.

6

      d.   Similarly situated employees not within the protected class did not suffer adverse employment action by being demoted and terminated from their position.

37.     When ROWE was terminated, he was subjected to racial discrimination in that there was unequal treatment between black and non-black employees in enforcing equal rights of employment.

38.     POTER knew that the termination of ROWE because of his race violated 42 U.S.C. §1981.

39.     Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, RAYMOND ROWE, respectfully prays that this Honorable Court:

      a.   Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of 42 U.S.C. §1981 et. seq.;

      b.   Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

      c.   Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of race;

      d.   Immediately assign ROWE to that job he would now be occupying but for the discriminatory practices of POTER, and adjust the wage rates, salaries,

bonuses, and benefits for ROWE to those which he would be enjoying but for the discriminatory practices of POTER, or, if this is impossible, award ROWE front-end pay;

e. Compensate and make ROWE whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of ROWE;

f. Award ROWE the costs and disbursements of this action, including reasonable attorney's fees;

g. Award ROWE punitive damages for POTER'S willful conduct, and grant such relief as may be just and proper.

## COUNT III
## RETALIATION

40.     ROWE reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

41.     POTER'S failure to promote and termination of ROWE was in direct retaliation for ROWE having openly opposed practices which are prohibited by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.  In doing so, POTER acted with malice and/or reckless indifference to ROWE'S federally protected rights in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

42.     As a result of the intentional acts complained of herein, ROWE has suffered and will continue to suffer the loss of employment with POTER and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and ROWE has also suffered

pecuniary loses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, RAYMOND ROWE, respectfully prays that this Honorable Court:

a. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981 et. seq.;

b. Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate or harass on the basis of race;

d. Immediately assign ROWE to that job he would now be occupying but for the discriminatory practices of POTER, and adjust the wage rates, salaries, bonuses, and benefits for ROWE to those which he would be enjoying but for the discriminatory practices of POTER, or, if this is impossible, award ROWE front-end pay;

e.  Compensate and make ROWE whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of ROWE;

f.  Award ROWE the costs and disbursements of this action, including reasonable attorney's fees;

g.  Award ROWE punitive damages for POTER'S willful conduct, and grant such relief as may be just and proper.

## COUNT IV
## NATIONAL ORIGIN DISCRIMINATION

44.  ROWE reincorporates and realleges Paragraphs 1 through 22 as though more fully set forth herein.

45.  ROWE is a member of a protected class, Jamaican national origin.

46.  During the course of ROWE'S employment with POTER, he performed to POTER'S legitimate expectations.

47.  ROWE'S employment was terminated on or about June 2006.

48.  Similarly situated employees, not in ROWE'S protected class, did not suffer an adverse job action, including demotion and termination.

49.  By terminating ROWE'S employment and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, POTER had intentionally discriminated against ROWE with malice or with reckless indifference to ROWE'S federally protected rights in violation of Title VII of the Civil Rights Act of 1964.

50.  As a result of the intentional acts complained of herein, ROWE has suffered and will continue to suffer the loss of employment with POTER and the loss of salary, bonuses,

10

benefits, and other compensation which such employment entails, and ROWE has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

51.   Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, RAYMOND ROWE, respectfully prays that this Honorable Court:

a.   Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991;

b.   Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c.   Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of national origin;

d.   Immediately assign ROWE to that job he would now be occupying but for the discriminatory practices of POTER, and adjust the wage rates, salaries, bonuses, and benefits for ROWE to those which he would be enjoying but for the discriminatory practices of POTER, or, if this is impossible, award ROWE front-end pay;

e.  Compensate and make ROWE whole for all earnings, wages, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of POTER;

f.  Award ROWE the costs and disbursements of this action, including reasonable attorney's fees;

g.  Award ROWE punitive damage for POTER'S willful conduct; and

h.  Grant such other relief as may be just and proper.

Respectfully Submitted,
RAYMOND ROWE


/s/ Eugene K. Hollander
One of His Attorneys


Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 North Dearborn, Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com